UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| REBECCA CHRISTINE RUSHING GRELIER | } | CASE NO. 07-81745-JAC-11 |
| SSN: XXX-XX-1063 | } | |
| | } | |
| SSN: XXX-XX-, | } | |
| | } | CHAPTER 11 |
| Debtor(s). | } | |
| | | |
| REBECCA GRELIER | } | A.P. No. 08-80165-JAC-11 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| WILLIAM P. BURGESS, WILLIAM P. | } | |
| BURGESS JR., P.C. and A, B, and C, | } | |
| Being those persons or entities that did | } | |
| the acts and omissions complained on | } | |
| in the Complaint, but whose true names and | } | |
| identities will be substituted when they are | } | |
| learned or otherwise ascertained through | } | |
| discovery or otherwise, | } | |
| | } | |
| Defendant(s). | } | |

**MEMORANDUM OPINION**

This case is before the Court on defendants' motion to dismiss the above styled adversary proceeding on the grounds that the debtor is barred by the doctrine of judicial estoppel from pursuing her claims against the defendants because she failed to disclose same in her schedules as an asset of the debtor's bankruptcy estate. Debtor argues that she is not judicially estopped from pursuing the adversary proceeding against the defendants because she reserved the right to prosecute any and all claims against "William P. Burgess" in her Chapter 11 plan of reorganization.

# FINDINGS OF FACT

The relevant facts in this case are as follows:

1. On July 11, 2007, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On Schedule F, Creditors Holding Unsecured Nonpriority Claims, the debtor listed the law firm of William P. Burgess, Jr., P.C. as a creditor holding an unliquidated claim in the amount of $10.00.

2. William P. Burgess is an attorney licensed to practice in Alabama and is a member of the William P. Burgess, Jr., P.C. law firm. Prior to the filing date, the debtor hired Burgess and the Burgess law firm to represent her in her divorce action.

3. On January 8, 2007, the divorce court entered a final decree in the action which was apparently unfavorable to the debtor.

4. Prepetition on June 8, 2007, the debtor appealed the decree to the Alabama Court of Civil Appeals. The appeal is still pending.

5. In the bankruptcy proceeding on September 7, 2007, the debtor filed an application to employ Nancy Gaines as special counsel to prosecute the appeal nunc pro tunc which the Court granted by order dated November 6, 2007.

6. While the debtor continued to prosecute the appeal post-petition, the debtor never scheduled a potential malpractice action against Burgess or the Burgess law firm as a potential asset in her bankruptcy schedules. The debtor states in her reply brief submitted in oppositions to defendants' motion to dismiss that following the entry of the order approving Nancy Gaines as attorney for the debtor to prosecute the appeal of the divorce decree, the debtor informed her bankruptcy counsel that she might have a cause of action against Burgess and

the Burgess firm arising out of their representation of the debtor in the divorce proceeding. Thus, it is apparent that as early as November 6, 2007 the debtor and debtor's bankruptcy counsel were aware that the debtor's bankruptcy estate had a potential asset, the cause of action, which was not listed as an asset when the debtor filed her bankruptcy petition just a few months prior in July of the same year. The debtor did not amend her bankruptcy schedules to add the cause of action as an asset in her bankruptcy schedules.

7. On January 8, 2008, the debtor filed her Chapter 11 disclosure statement and plan of reorganization. The debtor did not disclose the potential cause of action against Burgess or the Burgess firm in the disclosure statement. Instead, the debtor inserted a provision in the third to last paragraph in the plan, Article VIII Miscellaneous, ¶ 6, purporting to reserve the right to "prosecute and liquidate all claims against Beason and Nalley, P.C., Donald Nalley and William P. Burgess."

8. On February 5, 2008, the Court held a hearing on approval of the debtor's disclosure statement. Only counsel for the debtor and the bankruptcy administrator appeared at the hearing. No objection to the disclosure statement having been filed, the Court approved same and entered an order on that date approving the disclosure statement and fixing the time for filing acceptances or rejections of the plan.

9. On March 31, 2008, the Court conducted the debtor's confirmation hearing. Burgess did not appear at the confirmation hearing, nor file a ballot either in favor of nor rejecting the plan.

10. On June 11, 2008, the Court entered an order confirming the debtor's plan.

11. On July 31, 2008, the bankruptcy court entered the final decree in the case and closed same.

3

Case 08-80165-JAC   Doc 14   Filed 01/27/09   Entered 01/27/09 09:49:19   Desc Main
Document   Page 3 of 9

12. On August 8, 2008, the debtor filed a legal malpractice action against Burgess and the Burgess law firm in the Circuit Court of Madison County, Alabama, CV-2008-900743.

13. On October 24, 2008, the defendants in the action filed a motion to reopen the debtor's bankruptcy case to remove the civil action to this Court. On October 27, 2008, the Court entered an order granting the motion to reopen.

**CONCLUSIONS OF LAW**

In *Burnes v. Pemco Aeroplex, Inc. (In re Burnes),* 291 F.3d 1282, 1285 (11th Cir. 2002), the Eleventh Circuit stated that two factors should be considered before invoking judicial estoppel: (1) "it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding;" and (2) "such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." In *Burnes,* the Eleventh Circuit found that the evidence was sufficient to find that the Chapter 7 debtor's failure to disclose his employment discrimination claim in his concurrent bankruptcy proceeding was intentional where the debtor filed an employment discrimination suit while his bankruptcy case was pending and failed to amend his bankruptcy schedules to disclose same. The Court explained that "[a] debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court."[1] The debtor's duty to disclose is a continuing duty "that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change."[2]

---

[1] *In re Burnes*, 291 F.3d 1282, 1286 (11th Cir. 2002).

[2] *Id.*

In the case before the Court, the debtor did not disclose the cause of action against Burgess and the Burgess firm in her schedules of assets which she signed under oath nor did the debtor amend her schedules when she became aware post-petition that she may have a cause of action against the defendants. As the Eleventh Circuit has explained, the debtor's duty to disclose is a continuing one. If a debtor's circumstances change post-petition, the debtor must amend her schedules to reflect the change. The debtor filed her petition on July 11, 2007 and became aware of the potential cause of action now at issue as early as November of 2007, but the debtor never amended her schedules to reflect same.

On January 8, 2008, the debtor filed her Chapter 11 disclosure statement and did not disclose the potential cause of action against Burgess and the Burgess firm in same. Chapter 11 debtors are required under § 1125(a)(1) of the Bankruptcy Code to include "adequate information" in their Chapter 11 disclosure statement sufficient to allow creditors to make an informed judgment about the debtor's plan of reorganization. The Code defines the terms "adequate information" as follows:

> (1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information[.]

In *Burnes,* the Eleventh Circuit explained that full and honest disclosure is crucial because "creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge. Bankruptcy Courts also rely on the accuracy of the disclosure statements when

5

considering whether to approve a no asset discharge."[3] Although the *Burnes* court was speaking in the context of a Chapter 7 bankruptcy, the finding applies as well in the context of a Chapter 11 proceeding where creditors rely on the debtor's disclosure statement to determine whether to vote in favor of or against a Chapter 11 debtor's plan of reorganization.

While the defendants argue that the debtor should be estopped from pursuing the undisclosed cause of action, the debtor asserts that she satisfied her disclosure duty by including a statement in her plan of reorganization that "the Debtor specifically reserves the right to prosecute and liquidate all claims against Beason and Nalley, P.C., Donald Nalley and William P. Burgess."[4] The defendants argue that the debtor's argument confuses two separate concepts under the Bankruptcy Code: "(1) a debtor's obligation to disclose all assets in which the debtor claims an interest, including claims and causes of action, and (2) a debtor's obligation to state specifically in a chapter 11 plan any claims or causes of action that the debtor wishes to retain and pursue post-confirmation." Although the Court believes this to be a close call, the Court finds based on the totality of the circumstances that the debtor did not satisfy her duty of disclosure despite the attempt made in the plan to reserve the cause of action for the debtor's own personal post-confirmation benefit.

In *Barger v. City of Cartersville, Ga. (In re Barger),* 348 F.3d 1289, 1294 (11th Cir. 2003), the Eleventh Circuit noted that "courts must always give due consideration to all of the circumstances of a particular case when considering the applicability" of judicial estoppel. Here the debtor's disclosure statement was silent about the debtor's potential cause of action against Burgess

---

[3]  *Id*.

[4]  Plan of Reorganization, Article VIII Miscellaneous, ¶ 6.

6

Case 08-80165-JAC    Doc 14    Filed 01/27/09    Entered 01/27/09 09:49:19    Desc Main
Document      Page 6 of 9

and the Burgess firm. Although the debtor did include a provision in Article VIII Miscellaneous, ¶ 6 reserving the right to prosecute and liquidate all claims against William P. Burgess, the Court finds that this reservation of rights was too little too late to fully inform creditors about the potential asset. On February 5, 2008 the Court held a hearing on the debtor's disclosure statement and approved same based on the information disclosed therein which did not include the potential cause of action that was never disclosed in the debtor's schedule of assets. Although the debtor filed her plan on the same day that she filed her disclosure statement, there was nothing in the disclosure statement to alert the defendants or other creditors that the debtor sought to retain this undisclosed asset.

On March 31, 2008, the Court held the debtor's Chapter 11 confirmation hearing. Only one creditor filed a ballot accepting the plan. The accepting creditor has an unsecured claim against the debtor in the amount of $7,343.00. There were no other ballots filed either accepting or rejecting the plan. Neither Burgess nor any other creditors participated in the hearing. No rejecting ballots having been filed, the Court confirmed the debtor's plan. Under the confirmed plan, unsecured creditors holding claims totaling approximately $18,750.39 will receive a 27% distribution. In *H & L Developers, Inc.*, 178 B.R. 71 (Bankr. E.D. Pa. 1994) the court explained that the Chapter 11 debtor's failure in that case to "alert creditors to the potential benefits available to them upon the successful prosecution of the claims" rendered the debtor's disclosure statement and plan "informationally deficient."[5] Had the debtor disclosed the potential cause of action, the court stated that the creditors may not have been inclined to vote to accept a plan that paid 95% of claims over time without interest. The bankruptcy court found that the debtor was estopped from pursuing the

---

[5] *H & L Developers, Inc. v. Arvida/JMB Partners (In re H & L Developers, Inc.)*, 178 B.R. 71, 74-5 (Bankr. E.D. PA. 1994).

action because the debtor's disclosure statement did not mention any claim of the debtor against the defendant and there was no reservation in either the plan or disclosure statement of the right to initiate litigation against the defendant. The *H & L Developers* court recognized that candid disclosure is the pivotal concept in a Chapter 11 reorganization case, stating that "[t]he importance of disclosure is underscored by the reliance the court and creditors place on the disclosure statement in determining their response to the debtor's plan." Although the facts of this case are a little different in that the debtor did make some effort to retain the cause of action against the defendants in her plan, it is fair to say that had the debtor fully disclosed her potential cause of action against Burgess and the Burgess firm in her schedule of assets and in her disclosure statement, the one unsecured creditor filing an accepting ballot may have been unwilling to accept the 27% distribution proposed in the debtor's plan. It is also fair to assume that Burgess would have filed a ballot against the plan had the debtor disclosed the cause of action against the Burgess defendants as an asset in her schedules and fully disclosed the cause of action in her disclosure statement. Instead, the Court entered the debtor's Chapter 11 confirmation order on June 11, 2008 and two short months later on August 8, 2008 the debtor filed a legal malpractice suit against the Burgess defendants. This suit will not benefit the debtor's unsecured creditors as the debtor's plan states that "[a]ll payments to creditors, whether in or outside the Plan, shall come from revenue from the Debtor's income."[6]

Based upon the foregoing, the Court finds that the debtor is estopped from pursing the undisclosed action. There can be no debate that the debtor's schedule of assets were filed under oath. Further this Court finds that the debtor intentionally manipulated the bankruptcy process by failing to amend her schedules to disclose this asset and filing a disclosure statement that was silent

---

[6] Plan of Reorganization, Article IV Execution and Implementation of the Plan, ¶ 1.

with respect to the asset. Yet at the same time the debtor attempted to preserve the asset for her individual benefit by including one bare statement in the third to last paragraph of her Chapter 11 plan so that she could pursue the action post-confirmation and reap the benefit of the lawsuit while paying unsecured creditors a mere 27% distribution in her confirmed plan. Clearly the debtor had a motive to hide this asset from the bankruptcy court by failing to amend her schedule of assets to include the cause of action as an asset. Although the debtor was admittedly aware of the cause of action as early as November of 2007, the debtor never amended her schedules to disclose same and her disclosure statement was silent with regard to same. The Court believes that this failure to fully disclose the potential cause of action against the defendants as an asset in this case gave the debtor an unfair advantage at confirmation over not only the Burgess defendants, but all creditors entitled to file a ballot in the case.

    A separate order will be entered consistent with this opinion.

    Dated: January 27, 2009

    /s/ Jack Caddell
    Jack Caddell
    U.S. Bankruptcy Judge

JAC/mhb
xc:    Debtor(s)
       Michael Lee, attorney for plaintiff(s)
       Jay Bender, attorney for defendant(s)
       Richard Blythe, bankruptcy administrator